No. 2459
Second Circuit

SUCCESSION OF JAMES McLAUGHLIN, DECEASED; SUCCESSION OF MISS C. A. McLAUGHLIN, DECEASED; ON OPPOSITIONS OF MRS. ETHEL McLAUGHLIN AND CANNON McLAUGHLIN

Consodidated for the purposes of the introduction of evidence

(December 10, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on matters of fact being clearly correct is affirmed.

Appealed from Third Judicial District Court of Louisiana, Parish of Lincoln, Hon. S. D. Pearce, Judge.

This suit is a consolidation of two oppositions to the final accounts of the administrators in two successions. The District Judge rejected Mrs. Ethel McLaughlin's claim against the succession of Miss C. A. McLaughlin and gave her judgment against the succession of James McLaughlin for $84.00 and rejected Cannon McLaughlin's demands in toto against both successions. The opponents, Mrs. Ethel McLaughlin and Cannon McLaughlin, appealed.

Judgment affirmed.

T. S. Pearce, of Ruston, attorney for opponents, appellants.

Dhu Thompson, of Ruston, attorney for the successions.

STATEMENT OF THE CASE

REYNOLDS, J. The succession of James McLaughlin and Miss C. A. McLaughlin were duly opened in Lincoln parish and a final account duly filed in each.

Mrs. Ethel McLaughlin and Cannon McLaughlin both filed oppositions in each of the successions to the homologation of the final accounts.

Mrs. Ethel McLaughlin demanded to be put on the final account in each succession as a creditor in the sum of $134.00 with legal interest from judicial demand, and Cannon McLaughlin demanded to be put on the final account in each succession as a creditor, in the James McLaughlin succession in the sum of $134.00, with legal interest from judicial demand, and in the Miss C. A. McLaughlin succession in the sum of $65.00, with like interest.

The claim of each opponent is on a quantum meruit for personal services alleged to have been rendered by them to the decedents.

The successions denied liability.

There was judgment in the James McLaughlin succession in favor of Mrs. Ethel McLaughlin for $84.00 and rejecting the demand of Cannon McLaughlin; and in the Miss C. A. McLaughlin succession there was judgment dismissing the oppositions of both opponents.

Cannon McLaughlin has appealed from the judgments in both successions rejecting his demands, and Mrs. Ethel McLaughlin has appealed from the judgment in the succession of Mrs. C. A. McLaughlin rejecting her demand.

This leaves for consideration only the opposition of Cannon McLaughlin in the succession of James McLaughlin and the oppositions of both Mrs. Ethel McLaughlin and Cannon McLaughlin in the succession of Miss C. A. McLaughlin.

OPINION

The evidence as to the physical condition of Miss C. A. McLaughlin for a period of time prior to her death on January 7, 1925, which was prior to the death of her brother, James McLaughlin, who died on January 22, 1925, is conflicting. All the witnesses concur in the opinion that she was remarkably active for a person of her age. But opponents' witnesses claim that

her sight was very poor for some time before her death.

M. C. McLaughlin, the administrator of the successions, testified:

"Q. Mr. McLaughlin, what was Miss Celia McLaughlin's condition during the year 1924?

"A. Well, she was able to be up and to do a part or most of her work until Monday before she died Wednesday.

"Q. You say she was taken ill suddenly or how? What was the matter with her?

"A. It was my understanding she was taken sick suddenly Monday morning. I was over there Sunday evening before she was taken sick.

"Q. How was she Sunday when you were there?

"A. She was up and about and doing as well as usual.

"Q. When was that?

"A. That was on Sunday evening before she died Wednesday, the 7th."

The District Judge who tried the case and heard the witnesses and observed their manner of testifying decided that the succession of Miss C. A. McLaughlin was not due either opponent any amount; that the succession of James McLaughlin owed Mrs. Ethel McLaughlin $84.00 but did not owe Cannon McLaughlin anything.

The evidence shows that Cannon McLaughlin did for both his aunt, Miss C. A. McLaughlin, and uncle, James McLaughlin, many kind and friendly acts of service, such as getting in wood, bringing water, carrying the meals that his mother prepared to them, and so forth, but it is not contended that there was any understanding between him and his aunt or uncle that he was to receive compensation for such services.

His services to his old and feeble aunt and uncle were very beautiful and such as to commend him to the other heirs as entitling him to an extra portion of the property left in each succession; but the law provides for the disposition of succession property according to fixed rules and leaves no discretion to the court to reward favorite heirs or those heirs who have been specially kind to the deceased.

The District Judge rejected Mrs. Ethel McLaughlin's claim against the succession of Miss C. A. McLaughlin and gave her judgment against the succession of James McLaughlin for $84.00, and rejected Cannon McLaughlin's demand in toto against both successions.

From all the evidence in the case we cannot say that his judgment was manifestly wrong and it is accordingly affirmed.